UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:12-00085 |
| | ) | JUDGE CAMPBELL |
| ABDULLAHI FARAH | ) | |

ORDER

Pending before the Court is Defendant's Motion for Review of Detention Order (Docket No. 41). The Government has filed a Response (Docket No. 42). The Court held a hearing on August 23, 2012. For the reasons stated herein, the Motion is GRANTED in part and DENIED in part.

Farah is incarcerated as a material witness in Case No. 12-2029MK. He also is currently serving a sentence for criminal contempt in this case for his refusal to testify in the case of U.S. v. Adan, Case No. 3:10-00260. The sentence for criminal contempt expires approximately October, 2012. (Docket No. 39).

Defendant, through the Motion, "requests that he be released from detention upon the conclusion of the term of incarceration imposed by this Court for criminal contempt." (Docket No. 41, p. 11). Defendant bases the Motion on the following grounds: (1) his continued detention is "indefinite" and, therefore, both unjust and unconstitutional; (2) he is not a "material" witness under 18 U.S.C. § 3144; (3) his testimony could be secured by a deposition; and (4) his release would not pose a danger to the community. However, at the hearing, counsel for Defendant stated a preference against a deposition on the grounds it will be futile.

The Government opposes the Defendant's Motion. The Government, however, requested an opportunity to secure Farah's testimony by deposition.

The Magistrate Judge has twice ordered Farah detained: (1) as a Defendant by Order (Docket No. 19) entered on May 16, 2012, in this case (Case No. 3:12-00085); and (2) as a material witness by Order (Docket No. 24) entered on April 12, 2012, in Case No. 12-2029MK. The Defendant asks the Court to revoke or amend the Detention Order (Docket No. 19) of May 16, 2012 entered in this case. But, what Farah is really requesting is that he be released as a material witness in Case No. 12-2029MK since he is serving a sentence in this case (3:12-00085).

The Court has made a de novo review of both of the Magistrate Judge's Orders of Detention. The Court finds the Magistrate Judge's factual findings are supported and that the Magistrate Judge's legal conclusions are correct regarding the need for detention, except as noted herein regarding the deposition of Farah. The Court further finds, by a preponderance of the evidence, that there are no conditions or combinations of conditions that could be imposed that would reasonably assure the appearance of Farah if he was released. 18 U.S.C. § 3142(e). Farah has a history of flight and tampering with electronic monitoring. He remains a serious flight risk.

The Court adopts both of the Magistrate Judge's Orders of Detention, except as noted below regarding the deposition of Farah. See, U.S. v. King, 849 F.2d 485, 490 (11th Cir. 1988).

The Court grants the request for a deposition of Farah pursuant to 18 U.S.C. § 3144, which provides, in pertinent part, as follows:

> No material witness may be detained because of inability to
> comply with any condition of release if the testimony of such

> witness can adequately be secured by deposition, and if further
> detention is not necessary to prevent a failure of justice. Release of
> a material witness may be delayed for a reasonable period of time
> until the deposition of the witness can be taken pursuant to the
> Federal Rules of Criminal Procedure.

18 U.S.C. § 3144.

The parties shall promptly arrange for the deposition of Farah pursuant to 18 U.S.C. § 3144 and Fed. R. Crim. P. 15. The deposition shall occur before Farah's sentence for criminal contempt expires in approximately October, 2012.

Nothing herein prevents the parties from filing motions after the deposition for the release or continued detention of Farah.

The parties shall promptly notify the Court when a trial date is set in <u>Adan</u>.

The Clerk is directed to file this Order in this case (Case No. 3:12-00085) as well as Case No. 12-2029MK.

Nothing herein modifies the Judgment (Docket No. 39) or sentence previously imposed in this case.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE